JOE BAN, APPELLANT, v. GUSTAVUS HOPKINS ET AL., DE-
FENDANTS: GEORGE J. MORRIS, APPELLEE: RACHAEL
BAN, APPELLANT.

FILED JUNE 28, 1922. No. 22094.

Specific Performance. In a suit for the specific performance of an ex-
ecutory contract for the sale of real estate, the court is not bound
to decree specific performance in every instance, even though the
proof may show the contract was duly made. Neither is the court
free capriciously to refuse a decree of specific performance where
the proof demands it.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Affirmed in part, and re-
versed in part.*

*Rosewater & Cotner,* for appellants.

*James H. Adams, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff brought this action to quiet title to a parcel of ground in the city of Omaha. Certain defendants defaulted; but defendant George J. Morris filed an answer and cross-petition, praying specific performance of an executory contract made by plaintiff and his wife for the sale of the lot. Plaintiff's wife filed an answer to the cross-petition and plaintiff filed a reply. The court found generally in favor of defendant and decreed specific performance.

In 1914 plaintiff and another entered into a contract of purchase for the property with its then owner, Eliza Callahan. Subsequently plaintiff purchased the interest of his partner in the contract, and, since October, 1916, has occupied the premises in person, or by his tenants. September 12, 1916, plaintiff and his wife signed a contract for the sale of the premises to defendant Morris. The gross consideration for the premises was fixed at $3,200. A check for $25 was given the sellers as earnest money. Plaintiff agreed to assign the contract which he then held from Eliza Callahan and to execute a quitclaim deed of the property to Morris. There was a balance due on the Callahan contract, and this balance it was agreed should be deducted from the purchase price, and the difference paid plaintiff. It was also agreed that "the rents are to go to the party of the first part from and after the date of closing this transaction." It was stipulated that if title to the premises was found defective the sellers should cure the defects within a reasonable time, but in case the defects could not be cured the earnest money should be returned to the purchaser, but should the purchaser fail to comply with the terms of the contract the earnest money might be retained by the seller in settlement of any damages sustained because of the breach of the contract. The

contracting parties had been brought together by a firm of real estate brokers, and there is appended to the contract a memorandum by the terms of which plaintiff agreed to pay the brokers $50 for their services. The day succeeding the making of the contract plaintiff notified the brokers that he would not proceed with the contract and mailed them the check which had been given as earnest money. Plaintiff alleges that the record of this contract constitutes a cloud upon his title; that the real estate brokers deceived the plaintiff by representing that they were acting as his agents, while in fact they were the agents of the defendant Morris; that the contract provided that it should not be considered as a transfer of the title of the real estate, and that it was agreed that the contract should not be recorded; that plaintiff and his wife were unacquainted with business methods, and were unable to read and understand the contract; that as soon as they learned of the effect of the contract they notified Morris and his agents that they would not be bound by its provisions; and charges that the real estate brokers and defendant Morris conspired together to obtain the property for less than its true value.

Soon after executing the contract plaintiff moved on to the premises and has continued to occupy it as a home. The separate answer of Rachael Ban, the wife, sets out substantially the allegations contained in plaintiff's petition and reply, and pleads specially that she and her husband have paid the taxes annually assessed against the property, and have made repairs on the buildings; that the property has advanced in value, and that because of the failure of defendant Morris to attempt to enforce the contract he is guilty of such laches that he ought to be estopped to maintain his action for specific performance.

Plaintiff in his reply reiterates the material allegations of the petition, and asserts that since the execution of the contract the property has greatly advanced in value; that defendant Morris did not demand the enforcement of the agreement; that more than four years have elapsed since

its execution; that plaintiff purchased the property for a home for himself and family and is so using it; that in March, 1918, plaintiff offered to comply with the terms of the contract if Morris would pay him, in addition to the sum stated in the contract, $202, which plaintiff had expended on the property subsequent to the making of the contract; that Morris accepted plaintiff's offer, but later refused to perform its condition; that by reason of the conduct of Morris plaintiff had been lead to believe that Morris did not desire that the agreement be carried out; that since the making of the contract the property was greatly advanced in value, and the enforcement of the contract would be inequitable.

There is little conflict in the evidence. When plaintiff announced his repudiation of the contract and returned the check which had been given in payment of the earnest money he was promptly notified that he would be held to the contract and the check was returned to him, or to his agent. The contract was placed of record, and from time to time thereafter until the bringing of this suit defendant Morris demanded that plaintiff proceed to carry out the contract. As late as March, 1918, according to the allegations of plaintiff's petition, plaintiff offered to proceed with the contract provided Morris would compensate him for improvements he claimed to have made. It is argued in appellant's brief that because Morris did not bring an action to compel specific performance, but waited until plaintiff filed this suit, he was in reality speculating on future values. Whatever may be said of defendant's conduct in permitting the matter to remain unsettled will apply with equal force to the conduct of plaintiff. The courts were likewise open to him. Any day after defendant placed the contract of record, plaintiff might have brought the suit which he finally brought after a lapse of nearly four years. Defendant is not estopped to demand performance of the contract. *Harrison v. Rice,* 78 Neb. 654.

The conduct of the respective parties indicates that each

refrained from having resort to the courts in the hope that an amicable adjustment might be reached, and the doctrine of laches cannot be applied to one and not applied to the other. The allegations made by plaintiff and his wife as to the alleged fraud practiced upon them by defendant Morris and the real estate brokers are wholly lacking support in the evidence. Plaintiff's wife testified that when she signed the contract she had been led by her husband to believe that it was a lease. We note, however, that although she and her husband appear to be living amicably together and each is seeking the same result in this action the husband refrained from giving any testimony which would corroborate her claim. As to their claim of homestead, the evidence is insufficient to show that at the time the contract was signed they had any intention of ever occupying it as a home. The evidence leaves small room to doubt that each party, the wife as well as the husband, realized that they were entering a contract for the sale of the real estate and fully understood the terms of their agreement. There is nothing to show that they were imposed upon by the brokers, or by the purchaser. The court is not bound to decree specific performance in every instance, even though the proof may show the contract was duly made. Neither is the court free capriciously to refuse a decree where the proof demands it. On each of the general issues presented the proof preponderates in favor of defendant and supports his prayer for specific performance. In the matter of terms we feel that there ought to be a modification of the decree entered by the trial court. Under the terms of the contract, defendant Morris paid as earnest money only $25. This was paid in a check which has never been cashed. Morris has had no investment in the property. During the time intervening since the making of the contract plaintiff has occupied and used the premises. The contract provides that the rents shall go to the purchaser "from and after the date of closing this transaction."

In consideration of the terms of the contract and the

circumstances disclosed, it does not appear that plaintiff should be charged with rent for the use of the premises. In all other respects the findings and decree of the district court are approved. The cause is remanded, with directions to take an accounting and enter a decree in harmony with this opinion.

JUDGMENT ACCORDINGLY.